UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK DAVID MILLER,

    Petitioner,                  CIVIL ACTION NO. 07-12231

    vs.                           DISTRICT JUDGE ROBERT H. CLELAND
                                  MAGISTRATE JUDGE DONALD A. SCHEER

CARMEN PALMER,

    Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: The instant Petition for Writ of Habeas Corpus should be dismissed, as Petitioner has failed to obtain review by the state courts of his constitutional claims through procedural default, and has failed to demonstrate cause for that default.

\* \* \*

Petitioner, Frank David Miller, a Michigan prisoner[1] convicted of second degree criminal sexual conduct (CSC-II), filed a Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254, on May 22, 2007, challenging the validity of his underlying state conviction and sentence. Petitioner pled no contest to CSC-II on October 8, 2002, in the Wayne County Circuit Court. The trial court sentenced Petitioner as an habitual offender (fourth offense) to 71/2 to 20 years' imprisonment.

Petitioner filed a Motion to Withdraw his Guilty Plea on October 27, 2003, but the trial court denied the motion following a hearing in December 2003. Petitioner filed a

---

[1] Petitioner is currently incarcerated at the Deerfield Correctional Facility in Ionia, Michigan.

delayed application for leave to appeal in the Michigan Court of Appeals, claiming that the trial court had abused its discretion in failing to allow him to withdraw his guilty plea. The delayed application was dismissed on March 25, 2004, because Petitioner had failed to file the application within the time allotted by Michigan Court Rule (MCR) 7.205(F)(3)[2]. (Docket #253322). Petitioner did not appeal the dismissal to the Michigan Supreme Court.

Petitioner then filed a motion for relief from judgment in the trial court in May 2004, asserting that his guilty plea had been involuntary. The trial court denied the motion, pursuant to MCR 6.508(D)(3)(a). The Michigan Court of Appeals (Docket #255908) and Supreme Court (Docket #127314) both subsequently denied relief. In denying the delayed application for leave to appeal, the Michigan Court of Appeals stated that Petitioner had failed to meet the burden of establishing entitlement to relief pursuant to MCR 6.508(D).

Petitioner filed a second motion for relief from judgment in the trial court in October 2005, raising, for the first time, the four habeas issues asserted in this action. The motion was returned to Petitioner without filing, pursuant to MCR 6.502(G)(1). His application for leave was dismissed by the Michigan Court of Appeals on February 6, 2006, for lack of jurisdiction (Docket #267331). The Michigan Supreme Court denied leave in a standard order on July 19, 2006, because he had failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).(Docket #130590).

Petitioner then filed the instant Petition for Writ of Habeas Corpus in this Court raising the following four claims:

---

[2]Under MCR 7.205(F)(3), an application for leave to appeal must be filed not "more than 12 months after entry of the order or judgment on the merits."

**2**

1. THE SEX OFFENDER REGISTRATION ACT STATE ACTIONS PUNISH SO AS TO REQUIRE OUR SPECIAL CRIMINAL PROCEDURES IN PLEA TAKING.

2. PETITIONER WAS DENIED A FULL AND FAIR HEARING OBTAINING FUNDAMENTAL FAIRNESS BY AN IMPARTIAL JUDGE DENYING A TRIAL.

3. PETITIONER WAS DENIED DUE PROCESS TO THE RIGHT TO APPEAL WITH EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

4. DUE PROCESS-INEFFECTIVE TRIAL COUNSEL.

Respondent filed an answer to the Petition on November 30, 2007, contending that all four claims raised by Petitioner are barred by state court procedural defaults. Respondent maintains that the four grounds are procedurally barred from review by this Court because Michigan's appellate courts, in dismissing Petitioner's earlier motions for a new trial, clearly and expressly relied on a valid state procedural rule to bar state appellate review of those issues. Petitioner filed a reply to Respondent's Answer on January 9, 2008, arguing that his failure to exhaust was caused by the ineffective assistance of appellate counsel.

PROCEDURAL DEFAULT

I am persuaded that the habeas grounds presented herein (first presented in Petitioner's second Motion for Relief From Judgment) are procedurally barred from review by this Court because the Michigan appellate courts, in denying Petitioner's delayed application for leave to appeal, clearly and expressly relied on a valid state procedural rule to bar state appellate review of these federal constitutional claims on their merits, and because Petitioner has failed to show any "cause" which would provide legal justification for the federal court to look beyond the procedural bar imposed by Michigan law. In order to determine whether the state courts relied on a procedural default, a federal habeas court

must look to "the last _explained_ state court judgment." Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991).

In the instant case, the Michigan Supreme Court relied upon M.C.R. 6.508(D) to deny the delayed application for leave (See Order of July 19, 2006 denying the motion for relief from judgment, attached to habeas petition). Rule 6.508(D) sets forth three bases for the Court to decline to decide an application on the merits: if an appeal of right or a regular application for leave is available, (D)(1); if the grounds for relief were decided in a prior appeal, D(2); if the grounds could have been raised on appeal before, D(3). In this case, it is evident that the Court was relying upon the third ground (issues that could have been raised before), as the appeal of right was completed and the claims had not been raised.

The Michigan Supreme Court's order expressly imposing a procedural bar on state law grounds remains the last explained state court judgment in this case. The Supreme Court's reference to M.C.R. 6.508(D), although brief, is a sufficient statement of a state procedural ground to constitute an "explained" state court judgment. See Coleman v. Thompson, 501 U.S. 722, 739 (1991) ("we have no power to tell state courts how they must write their opinions. We will not impose on state courts the responsibility for using particular language in every case"). Thus, Petitioner has failed to obtain a decision on the merits from the state's highest appellate court on the four constitutional claims asserted here. In light of that Court's reliance on Rule 6.508(D), Petitioner is barred from raising these issues in the instant habeas action. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Simpson v. Jones, 238 F.3d 399, 407 (6th Cir. 2000) ("[S]ince the Michigan Supreme Court was the last state court rendering judgment in the case, its decision

denying [the petitioner's] claims on the basis of a state procedural bar prevents federal habeas review").

Petitioner has not established cause to excuse his procedural default. He has not alleged that some objective factor external to his defense prevented his appellate counsel from raising these issues during Petitioner's appeal of right. Nor can Petitioner claim that his appellate counsel was ineffective for failing to raise these claims. Before such an argument may be advanced to establish cause to excuse a procedural default, it must be exhausted as a separate claim in the state courts. Murray v. Carrier, 477 U.S. 478, 488-489 (1986); Jones v. Toombs, 125 F.3d 945, 947 (6th Cir. 1997). Petitioner has not exhausted such a claim, and so he cannot use it here to establish cause.

There is no need to determine whether Petitioner can meet the prejudice prong of the "cause and prejudice" test because he has clearly failed to establish cause. Smith v. Murray, 477 U.S. 527, 533 (1986); Long v. McKeen, 722 F.2d 286, 289 (6th Cir. 1983). Nor can Petitioner show that failure to review his claims will result in a fundamental miscarriage of justice. This narrow exception must accompany a credible claim of factual innocence. Schlup v. Delo, 513 U.S. 298, 315 (1995). To assert a credible claim of innocence, a petitioner must "support allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Id. at 323. As Petitioner has not protested his conviction through an offer of new evidence, he cannot establish a fundamental miscarriage of justice. Therefore, this Court may not review the merits of Petitioner's defaulted claims because Petitioner failed to satisfy the state procedural requirements of M.C.R. 6.508(D). Given Petitioner's failure to establish cause and actual

prejudice, or a fundamental miscarriage of justice. I am persuaded that the instant petition should be dismissed based upon Petitioner's procedural default.

For all the foregoing reasons, the instant Petition for Writ of Habeas Corpus should be dismissed. The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Cleland's acceptance thereof is waived.

Note this especially, at the direction of Judge Cleland: any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

                                              s/Donald A. Scheer
                                              DONALD A. SCHEER
                                              UNITED STATES MAGISTRATE JUDGE

DATED: September 4, 2008

_____

### CERTIFICATE OF SERVICE

I hereby certify on September 4, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 4, 2008. **Frank David Miller.**

                                              s/Michael E. Lang
                                              Deputy Clerk to
                                              Magistrate Judge Donald A. Scheer
                                              (313) 234-5217