**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FRANK DAVID MILLER,

        Petitioner,

vs                                           Case No. 2:07-CV-12231

CARMEN PALMER,

        Respondent.
_____/

**OPINION AND ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is United States Magistrate Judge Donald A. Scheer's Report and Recommendation ("R&R"), recommending dismissal of Petitioner's *pro se* habeas corpus petition. By order of reference pursuant to 28 U.S.C. §636(b)(1)(B) and Appendix C of the Local Court Rules, the case was referred to Magistrate Judge Scheer for his review. Petitioner has filed timely objections pursuant to 28 U.S.C. § 636(b)(1) and E.D.Mich.L.R. 72.1(d)(2). The court now adopts the R&R and dismisses the petition for habeas corpus.

**I. STANDARDS**

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1). *See United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo*

review requires the court to examine the relevant pleadings and such evidence as may have been submitted in support of the motions in determining the outcome.

However, a failure to file *specific* objections constitutes a waiver of any further right of appeal. *Walters,* 638 F.2d at 947, *Thomas v. Arn*, 474 U.S. 140 (1985), *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise only some issues in the R&R, but which fail to raise others with specificity, will not preserve all the objections a party might have. *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370 (6th Cir. 1987), *Willis v. Secretary of HHS*, 931 F.2d 390 (6th Cir. 1991).

The standards for reviewing a motion to dismiss are set forth by the magistrate judge in his R&R without objection. Thus, the court will not repeat them here.

## II. DISCUSSION

Petitioner raised four issues in his original habeas petition: a challenge to the Sex Offender Registration Act as applied in his circumstances, denial of a full and fair hearing, denial of due process because of ineffective assistance of appellate counsel, and denial of due process because of ineffective assistance of trial counsel. As the magistrate judge observes, each of these claims could have been, but were not timely raised in Michigan courts. The Michigan Supreme Court ruled that a procedural bar prevented Petitioner's attempt to raise the issues in his final attempt to appeal. M.C.R. 6.508(D). This constitutes a procedural default of these issues for federal habeas corpus purposes, preventing the court from considering them unless Petitioner identifies cause for the default and, if he is successful in that effort, also establishes prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has identified no cause to

2

excuse the procedural default.

Petitioner's objections to the suggested findings can be summarized in the following excerpts:

**Objection 1**

Petitioner refers to the R&R's first paragraph, an introductory statement. Petitioner states that he "objects to the Magistrate Judge's Report and Recommendation." Petitioner also points to "ineffective assistance of counsel that caused a procedural default by filing late and exhausting a 6.500 motion . . . without telling the petitioner to mislead the true actual cause of default." (Obj. at 3.)

**Objection 2**

Petitioner next refers to first paragraph of the R&R's second page, a partial statement of Petitioner's state court procedural history. Petitioner argues here that his "ineffective counsel never informed petitioner of his negligence." (*Id.* at 3-4.)

**Objection 3 and Further Objections**

Petitioner again refers to the R&R's second page, pointing to the second paragraph which continues Petitioner's state court procedural history. Petitioner appears to re-argue hereafter, in this objection and others, the contentions already presented in his original petition. (*Id.* at 4-13.)

An objection to a R&R must explain how the magistrate judge's analysis is alleged to have been wrong, why it was wrong, and how *de novo* review will achieve a different result on that issue. An objecting party may not simply "incorporate by reference" earlier pleadings; similarly, merely reproducing an earlier unsuccessful

motion for summary judgment (or an unsuccessful response to the other party's motion) is not a sufficient objection to the magistrate judge's analysis, and will ordinarily be treated by the court as an unavailing general objection. *See Howard*, 932 F.2d at 508.

The court finds that Petitioner's "objections" amount to general objections that either restate arguments already presented or object to introductory statements and procedural history. Objections that do nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, are not objections as that term is used in this context. *Id.* ("It is arguable in this case that Howard's counsel did not file objections at all . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas*, 474 U.S. at 140, a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted). Here, Petitioner has failed to focus the court's attention on any issue which is at the heart of the parties' dispute and failed to *specifically* identify any alleged error of the magistrate judge.

Moreover, the court has independently reviewed the R&R and the underlying briefs, and finds the R&R to be concise but well-reasoned and, more importantly,

4

correct. In view of the R&R's clarity, the court concludes that Petitioner can simply conceive of no reasonable argument against any of the R&R's conclusions. Upon review of the R&R and the objections, the court concludes that the magistrate judge's findings and conclusions should be adopted. Accordingly,

IT IS ORDERED that Petitioner''s objections [Dkt. # 19] are OVERRULED and the magistrate judge's Report and Recommendation [Dkt. # 17] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Petitioner's petition for a writ of habeas corpus [Dkt. # 1] is DISMISSED.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2008, by electronic and/or ordinary mail.

  S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522