**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FRANK DAVID MILLER,

       Petitioner,

v.                                                                    Case No. 2:07-CV-12231

CARMEN PALMER,

       Respondent.

                                /

**OPINION AND ORDER DENYING PETITIONER'S "MOTION FOR REHEARING"**

Pending before the court is Petitioner Frank David Miller's *pro se* "Motion for Rehearing." Petitioner asks this court to reconsider its September 30, 2008 order adopting the magistrate judge's report and recommendation ("R&R"), which recommended denying Petitioner's application for a writ of habeas corpus. For the reasons stated below, Petitioner's motion is denied.

**I. STANDARD**

Federal Rule of Civil Procedure 59(e) governs the altering or amending of a judgment. Fed. R. Civ. P. 59(e). A district court maintains discretion when deciding a motion to amend a judgment under Rule 59(e). *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 454-55 (6th Cir. 2003). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

Additionally, the court only grants motions for reconsideration if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents "the same issues already ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## II. DISCUSSION

Petitioner's application for a writ of habeas corpus was premised on four grounds. (9/30/08 Order at 2.) As the magistrate judge's R&R outlined, however, this court was prevented from reviewing Petitioner's grounds because of a plain procedural bar imposed by the Michigan Supreme Court. (R&R at 4.) The Michigan Supreme Court considered Petitioner's motion for relief, but ultimately rejected it under Mich. R. Crim. P. § 6.508(D), which required Petitioner to show both "good cause" and "prejudice" for his relief.[1] (R&R at 4.) Petitioner's reply to the application for habeas corpus argued that the bar imposed by the supreme court, based largely on his failure to show good cause in not raising his grounds previously, was caused by the ineffective

---

[1] In relevant part, Mich. R. Crim. P. § 6.508(D) allows relief where a defendant can show "good cause for failure to raise such grounds on appeal or in the prior motion, and actual prejudice from the alleged irregularities that support the claim for relief . . . ." Mich. R. Crim. P. §§ 6.508(D)(3)(a), (b).

assistance of his appellate counsel. (*Id.* at 3.) But as the magistrate judge found, and this court adopted, this excuse must have been first exhausted as a separate claim in the state court, which Petitioner did not complete. See *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986) ("Ineffective assistance of counsel, then, is cause for a procedural default. However, we think that the exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); (R&R at 5).

Petitioner's current motion does little more than present the same excuse, in that "the court appointed counsel failed to explain to the circuit court why he failed to filed [sic] a timely delayed application for leave . . . ." (Pet.'s Mot. at 11.) This argument, in one variation or another, exists throughout Petitioner's motion. (*Id.* at 12, "Petitioner's counsel was responsible for the default . . . ."; *id.* at 12-13, "Petitioner's court appointed appellate counsel's actions barred Petitioner from pursuing his direct appeal . . . . "; *id.* at 2, "Defendant is asking Court [sic] to invoke his constitutional rights to have effective trial and appellate counsel."; *id.* at 6, "Defendant claims that he has been prejudice [sic] from the trial counsel's defects in the proceeding and the appellate counsel's ineffectiveness to file an appeal . . . .") Because this argument was presented as good cause to excuse Petitioner's procedural default in his reply to the original habeas petition, it does nothing more than present "the same issues already ruled upon by the court, either expressly or by reasonable implication," and therefore cannot be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski,* 967 F. Supp. at 952.

Petitioner does raise one argument that could reasonably be considered "new." Petitioner's second motion for relief from judgment, appealed to the Michigan Supreme

3

Court, was denied under Mich. R. Crim. P. § 6.508(D). (R&R at 2.) To obtain relief under that rule, Petitioner faced the burden of showing "good cause for failure to raise such grounds on appeal or in the prior motion." Mich. R. Crim. P. § 6.508(D)(3)(a). As Petitioner now notes, the rule allows the court to "waive the 'good cause' requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime." *Id.*; (Pet.'s Mot. at 2). In finding that Petitioner had not met the requirement of the rule, the Michigan Supreme Court necessarily found there was not a significant possibility that Petitioner was innocent of his crime. More important, Petitioner now offers no proof of his innocence beyond the simply assertion that he "swears that he is innocent of all charges . . . ." (Pet.'s Mot. at 2.) The Michigan rule clearly contemplates more than Petitioner's statement of innocence, and Petitioner offers nothing further for the court to conclude a palpable defect exists by which the court and the parties have been misled. E.D. Mich. LR 7.1(g)(3). Accordingly,

IT IS ORDERED that Petitioner's "Motion for Rehearing" [Dkt. # 21] is DENIED.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated: December 1, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 1, 2008, by electronic and/or ordinary mail.

    S/Lisa G. Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522