**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FRANK DAVID MILLER,

        Petitioner,

v.                                                           Case No. 2:07-CV-12231

CARMEN PALMER,

        Respondent.
                                    /

**OPINION AND ORDER GRANTING PETITIONER'S
APPLICATION TO WAIVE PREPAYMENT OF FEES
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Pending before the court are Petitioner Frank David Miller's *pro se* application to proceed on appeal without the prepayment of fees, entitled "Motion for to Proceed In Forma Pauperis on Appeal" and his "Application for Certificate of Appealability of Order Dismissing Petition for Writ of Habeas Corpus." For the reasons stated below, the court will waive the prepayment of fees and decline to issue a certificate of appealability.

**I. Application to Proceed without Prepayment of Fees**

Defendant's motion seeks to "proceed on appeal without being required to prepay fees . . . . " (Pet.'s Mot. at 2.) Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement . . . [of an] appeal . . . without prepayment of fees or security . . . " 28 U.S.C. § 1915(a)(1). But to avoid prepaying fees, a prisoner must "submit[] an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is

entitled to redress." *Id.* Although the court may grant an application to proceed without *pre*payment of fees, a prisoner must eventually pay the full filing fee for the appeal within a time period calculated by the prisoner's financial ability to pay. 28 U.S.C. § 1915(b)(1).

Here, Petitioner has filed a proper affidavit attesting to his inability to pay the filing fee, detailing the nature of his appeal, and declaring his belief that he is entitled to redress. (Pet.'s Mot. at 2.) Petitioner has also included "Certificate of Prisoner Institutional/Trust Fund Account Activity" that lists a "current spendable balance" of $31.29 per month, based upon Petitioner's account activity for the last six months. (12/08/08 Certificate at 1.) Petitioner has provided sufficient documentation for the court to grant his application to proceed without prepayment of the filing fee for this appeal. 28 U.S.C. § 1915(a)(1).

## II. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w]

that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner's application for a COA raises the same argument present throughout his pleadings, in that any procedural bar was caused by the ineffective assistance of his appellate counsel. (Pl.'s App. at 9-10; Pl.'s 12/10/08 Memo. at 2-4.) The court, and the magistrate judge, have considered this argument at least three times, and concluded a procedural bar exists. (R&R at 5; 9/30/08 Order; 12/01/08 Order at 3.) Therefore, the court concludes that reasonable jurists would not debate that a plain procedural bar prevents Petitioner's habeas relief from being granted.

## III. CONCLUSION

For the reasons discussed above, IT IS ORDERED that Petitioner's "Application to Proceed In Forma Pauperis on Appeal" [Dkt. # 25] is GRANTED to the extent that Petitioner seeks to avoid the prepayment of filing fees.

IT IS FURTHER ORDERED that Petitioner's motion for a certificate of appealability [Dkt. # 26] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: December 15, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 15, 2008, by electronic and/or ordinary mail.

                                           S/Lisa G. Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522